# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | Criminal Case No. 10-332 ADM/JJK |
| | Civil Case No. 13-1850 ADM |
| Todd Richard Chazen, | |
| Defendant. | |

Lisa D. Kirkpatrick, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Todd Richard Chazen, pro se.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Todd Richard Chazen's ("Chazen") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion") [Docket No. 85]. For the reasons set forth below, Chazen's motion is denied.

## II. BACKGROUND

On March 9, 2011, a jury found Chazen guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Verdict, Mar. 9, 2011 [Docket No. 49]. At sentencing, the parties disputed whether Chazen qualified as an armed career criminal under 18 U.S.C. § 924(e), which raises the mandatory minimum sentence to 15 years for any defendant with three previous convictions for "violent felonies" or "serious drug offenses." Status as an armed career criminal also leads to sentence enhancements under § 4B1.4 of the United States Sentencing Guidelines.

Chazen had five prior convictions that potentially qualified him as an armed career

criminal. See Pre-Sentence Report ("PSR") ¶ 33. Chazen was sentenced for second degree assault, his first relevant conviction, on September 11, 1995. He was sentenced for his second conviction on December 3, 2002, for a second degree controlled substance crime. Id. Chazen's sentencing for his third and fourth convictions was on June 3, 2003, for two charges of second degree burglary. These charges stemmed from acts occurring on the same day but in different places. Specifically, Chazen pled guilty to commandeering a golf cart and using it to steal items from a golf course concession stand. Chazen and his accomplices then abandoned the golf cart, stole a truck, and drove the truck through the front doors of a convenience store, intending to tow away the ATM inside. Id. ¶¶ 63-64. Law enforcement officials charged these acts of burglary as two distinct events, in two separate criminal complaints, and in two different counties. Nevertheless, Chazen pled guilty to both charges on the same day and before the same judge. Id. Fifth and finally, also on June 3, 2003, Chazen was sentenced for escaping from custody in violation of Minn. Stat. § 609.485, subd. 2, after he broke through two windows and fled the Le Sueur County jail. PSR ¶ 65.

At his federal sentencing hearing, Chazen argued that only two of his five prior convictions satisfied the § 924(e) criteria. See generally Def.'s Sentencing Mem. [Docket No. 57]. Chazen conceded that his 1995 assault conviction was a violent felony. Chazen also agreed that his June 2003 burglary convictions constituted violent felonies, but argued they counted as a single offense under § 924(e) because they arose from the same course of conduct. Chazen disputed the status of the remaining convictions, in large part because the Government agreed that his December 2002 drug conviction was not a "serious" offense, and that his June 2003 burglary convictions counted as a single offense. Regarding his escape from custody, Chazen

argued the offense did not involve violence.

Chazen was ultimately deemed an armed career criminal. The Court held that, even when viewed from any of several possible perspectives, Chazen had been convicted of at least three armed career criminal predicate offenses. See Sentencing Hr'g Tr. 10-11 [Docket No. 71]. Chazen was sentenced to 252 months of incarceration, a downward variance from his calculated guideline range of 262 to 327 months. Id. at 78, 80; Sentencing J. [Docket No. 62]. Chazen appealed, and on March 28, 2012, the Eighth Circuit Court of Appeals affirmed his conviction. United States v. Chazen, 469 F. App'x 508 (8th Cir. 2012).

On July 10, 2013, Chazen filed his present § 2255 motion, in which he asserts two grounds for seeking relief, both of which dispute his status as an armed career criminal. First, Chazen argues the Court incorrectly applied the modified categorical approach in determining Chazen's escape from custody qualified as a violent felony. Second, Chazen argues the Court should not have counted his December 2002 drug conviction and his second June 2003 burglary conviction as § 924(e) predicate offenses because the Government conceded these convictions did not qualify.

### III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner

3

to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

**A. Ground One: Chazen's Escape from Custody Conviction**

18 U.S.C. § 924(e) invokes a mandatory minimum sentence for a felon convicted of possessing a gun, if the felon has at least three previous convictions for "violent felonies" or "serious drug offenses." "Violent felony" means any crime that "has as an element the use, attempted use, or threatened use of physical force" against a person, or is "burglary, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

In evaluating whether an offense falls under this definition, courts must always start with the formal "categorical approach," by which courts "look only to the fact of conviction and the statutory definition of the prior offense" to see whether the convicted offense matches one of the "generic" elements or crimes described in § 924(e). Taylor v. United States, 495 U.S. 575, 602 (1990). For example, if a defendant is convicted under a particular burglary statute, the sentencing court may only consider whether the elements of this statute substantially correspond to the basic elements of "generic" burglary. See id. The court may not look to the particular facts of the defendant's conviction to determine whether the defendant committed a violent felony. Id. at 600.

If a statute "criminalizes both conduct that does and does not qualify as a violent felony," courts use the "modified categorical approach." United States v. Soileau, 686 F.3d 861, 864-65 (8th Cir. 2012) (internal quotation omitted). Under this approach, courts may review "the

4

charging document, jury instructions, plea agreement or plea hearing transcript, and comparable judicial records" for the sole purpose of determining whether the defendant was charged under a violent felony subpart of the statute at issue. Id.; United States v. Williams, 627 F.3d 324, 328 (8th Cir. 2010) (holding documents may be used "only to determine which part of the statute the defendant violated") (internal quotation omitted). For example, if a defendant is convicted under a burglary statute which criminalizes illegal entry into both a house and a boat, the court may use documents of record to determine which offense the defendant was charged with, and what the elements of that offense were. If the defendant was charged with breaking into a boat, the court must exclude the conviction from the armed career criminal enhancement, because the generic burglary offense protects buildings, not boats. See Taylor, 495 U.S. at 599-600; see generally Shepard v. United States, 544 U.S. 13 (2005).

Chazen argues the Court incorrectly applied the modified categorical approach and thus wrongly concluded his escape from custody conviction was a "violent felony" for § 924(e) purposes. Specifically, he argues Minn. Stat. § 609.485 is "over-inclusive, in that it penalizes offenses that do not qualify as predicates" under § 924(e), and the Court improperly considered the facts underlying his conviction by reviewing the related charging documents and transcripts. Mot. 5. The Government responds that the Court did not err in applying the modified categorical approach, and that the Eighth Circuit has held escaping from custody is a crime of violence.

On direct appeal before the Eighth Circuit, Chazen made the very same argument he now makes in his present motion. Namely, Chazen argued then, and argues now, that this Court erred by considering the facts of Chazen's escape, instead of considering only whether the elements of the charged offense constituted a violent felony. See Appellant's Br. at 29-30, Chazen, 469 F.

5

App'x 508. The Eighth Circuit rejected this argument, and affirmed Chazen's sentence. Chazen, 469 F. App'x at 509-10.

The Eighth Circuit's affirmance precludes Chazen's argument regarding his escape from custody conviction. A defendant may not collaterally attack his sentence under § 2255 based on an issue that was previously resolved on direct appeal, unless an intervening change in the law or newly discovered evidence warrants such a reopening. English v. United States, 998 F.2d 609, 612-13 (8th Cir. 1993). To the extent Chazen specifically challenges the Court's review of the charging documents and sentencing transcript from his escape from custody conviction, this argument must also fail because these documents may be properly reviewed as part of the modified categorical approach. Soileau, 686 F.3d at 864-65.

In addition, Chazen raises no new issues of law or fact that might allow a collateral attack on this issue. In the "Timeliness of Motion" section of his motion, Chazen argues, "The Supreme Court decided a case to the point and I believe it applies to me. I'm not sure if it's retroactive but I've been informed that these types of decisions usually are." Mot. 13. In his reply, Chazen clarified this comment as a reference to Descamps v. United States, 133 S. Ct. 2276 (2013). Def.'s Reply [Docket No. 88]. In Descamps, the Supreme Court re-affirmed its earlier decisions in Taylor and Shepard, holding the modified categorical approach is only appropriate for divisible statutes that set forth several offenses with discrete elements. It also confirmed the modified categorical approach is not a license to review the facts of a particular case in a hunt to identify violent conduct. See id. at 2293. The defendant in that case was charged under a California statute which criminalized various forms of theft, including simple shoplifting. Id. at 2282. Descamps admitted to committing a violent offense which might, by

6

itself, qualify as "generic" burglary under § 924(e). Id. However, the statute Descamps was charged under was not divisible, and its very broadly defined elements did not correspond to "generic" burglary. As a result, Descamps' conviction did not count toward his status as an armed career criminal. Id. at 2285-87.

Unlike Descamps, Chazen pled guilty pursuant to an over-inclusive but divisible statute. Minn. Stat. § 609.485, the statute under which Chazen was convicted, defines "escape" as both "departure without lawful authority," a violent crime, and "failure to return to custody following temporary leave granted for a specific purpose or limited period," a non-violent crime. Id. § 609.485, subd. 1; United States v. Furqueron, 605 F.3d 612 (8th Cir. 2010) (holding a departure from custody, as opposed to failing to return to custody, involves the threat of violence and thus serves as a § 924(e) predicate offense). As a divisible statute criminalizing different types of conduct, "No one could know, just from looking at the statute, which version of the offense [Chazen] was convicted of." Descamps, 133 S. Ct. at 2284. The modified categorical approach thus properly applied to Chazen's conviction. Using court documents from Chazen's escape conviction, the Court determined Chazen was charged with and convicted under the "departure without lawful authority" definition of "escape," and had thus committed a violent felony. The specific facts of Chazen's escape did not affect this holding, and Descamps affirms this approach.

**B. Ground Two: Chazen's Drug Offense and Burglary Convictions**

For his second claim, Chazen argues the Government conceded that two of his prior convictions did not count as § 924(e) predicates. Specifically, the Government agreed at his 2011 sentencing that Chazen's September 1995 drug conviction was not a "serious drug

7

offense." The Government also agreed Chazen's second June 2003 burglary conviction arose from the same course of conduct that led to his first burglary conviction. As a result, Chazen argues neither of these convictions qualify as sentence enhancing convictions under § 924(e).

The Government responds in two parts. First, it argues Chazen tardily raises these arguments after the statute of limitations for § 2255 claims has run. Second, the Government claims it wrongly conceded the status of these convictions in 2011, and that these convictions do indeed qualify as predicate offenses under § 924(e). Regardless, the Government argues its position does not bind the Court, which correctly did not adopt the Government's position at sentencing.

Chazen's arguments must be rejected. As a preliminary matter, Chazen's second ground for seeking relief is indeed untimely. 28 U.S.C. § 2255(f) provides defendants with a one year statute of limitations for filing claims, and the limitations period applies to claims on an individual basis. See, e.g., Dodd v. United States, 614 F.3d 512 (8th Cir. 2010) (individually examining § 2255 claims to determine whether relation-back doctrine applied). Unlike Chazen's first ground for relief, no new rule of law potentially applies to his second, nor have any new facts arisen. And, Chazen has not indicated any basis for tolling the statute of limitations. See 28 U.S.C. § 2255(f). Because more than one year has elapsed since Chazen's direct appeal became final, Chazen's second claim for relief is untimely and barred by the statute of limitations. See id.

Even if the statute of limitations did not apply, Chazen's second claim would fail. Once the fact of a prior conviction is established, the "characterization of that conviction as a violent felony is a legal matter for the court." United States v. Patterson, 412 F.3d 1011, 1016 (8th Cir.

8

2005). As a result, the parties' arguments regarding this issue have no effect on a court's decision beyond persuasion. In this case, the Court determined Chazen's September 1995 drug conviction and his second June 2003 burglary conviction could each serve as predicate offenses under § 924(e). The Government's position—then or now—does not disturb this holding. To the extent Chazen challenges this holding now, his arguments are precluded because he could have raised these issues on direct appeal. See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir. 1988).

Nevertheless, Chazen is correct that the Government seems to again concede in its response to this motion that Chazen's 1995 drug conviction did not qualify as a "serious drug offense." See Pl.'s Resp. [Docket No. 87] 12 n.3. Even if that were true, Chazen still has at least four predicate offenses under § 924(e), meaning he was properly deemed an armed career criminal.

## C. Requests for Hearing and Appointment of Counsel

For the reasons stated above, an evidentiary hearing in this matter is not warranted, as the record and the parties' arguments definitively show Chazen is not entitled to relief under § 2255. 28 U.S.C. § 2255; Engelen, 68 F.3d at 240. Because Chazen is not entitled to relief, and because no hearing will take place in this matter, his request for counsel is denied as moot.

## IV. CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability. A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists

9

would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this motion differently, or that any of the issues raised in the motion would be debatable among reasonable jurists.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Todd Richard Chazen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 85] is **DENIED**. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 23, 2013.